IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JALIL S. REED, | : | Civil No. 1:22-CV-01832 |
| Plaintiff, | : | |
| v. | : | |
| LT. GARCIA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Plaintiff's motion for reconsideration of an order denying his request for an emergency hearing construed as a renewed motion for a preliminary injunction, temporary restraining order, and emergency hearing. (Docs. 24, 25.)  Plaintiff has not met the gateway factors for the court to issue a temporary restraining order or preliminary injunction, and the court will deny this motion.  The court will also issue an order directing Defendants be served by the U.S. Marshals Service.

### PROCEDURAL HISTORY

Plaintiff, Jalil S. Reed, a self-represented individual who is presently housed at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), filed this action pursuant to 42 U.S.C. § 1983 on November 16, 2022.  (Doc. 1.)  Accompanying this complaint were motions for appointment of counsel and emergency hearing.  (Docs. 5, 6.)  The court dismissed Plaintiff's complaint with

leave to renew for failing to state a claim for which relief could be granted. (Doc. 9.) The court also denied Plaintiff's motions to appoint counsel and hold emergency hearing as moot. (*Id.*) Plaintiff then renewed his motions for appointment of counsel and an emergency hearing on December 1, 2022. (Docs. 10, 11.) These motions were denied because there was no operative complaint in this case. (Docs. 13, 15.)

Plaintiff filed an amended complaint on December 12, 2022. (Doc. 16.) Accompanying the amended complaint were new motions to appoint counsel and for an emergency hearing. (Docs. 17, 18.) The court denied these motions in turn. (Doc. 21.)

The court forwarded waiver of service forms to all defendants on January 4, 2023. (Docs. 22, 23.) The deadline to return the waiver of service was February 3, 2023. As of the date of this order, no defendants have returned the waiver of service forms.

On January 17, 2023, Plaintiff filed a motion for reconsideration of the December 6, 2022 order denying his motion for an emergency hearing. (Doc. 24.) Based on the requests made in this motion and set forth in the brief in support, Docs., 24, 25, the court construes this as a as a renewed motion for a preliminary injunction, temporary restraining order, and emergency hearing. This motion will now be addressed by the court.

### DISCUSSION

This is Plaintiff's fourth attempt at obtaining a temporary restraining order. In all of his motions, Plaintiff consistently alleges retaliation on the part of some of the named defendants including the withholding of food and being housed in an unclean cell in addition to a series of verbal threats against his life. This most recent motion and brief in support include allegations that Plaintiff informed supervisors of these deprivations and threats and nothing was done. (Doc. 25.) In the instant motion, Plaintiff requests an emergency hearing to get a temporary restraining order and preliminary injunction to be fed, to be allowed to shower, to stop being threatened, to go to the "yard," and to stop "slandering his name to put [his] life at risk." (*Id.*)

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Motions for temporary restraining orders and preliminary injunctions are judged against exacting legal standards. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F. 2d 440, 443 (3d Cir. 1982). Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air. Freight,*

*Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).  "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018).  "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

As the first two factors are necessary for a preliminary injunction "suggest, there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  Thus, it is inappropriate to grant a motion for a

preliminary injunction when the relief requested in the motion is unrelated to the allegations in the complaint.  *Id*. at 838; *see also Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) (holding that the District Court correctly denied a "requested injunction because it involved allegations unrelated to the complaint").

The limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute.  Specifically, preliminary injunctive relief in a civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  Also, in considering a motion for preliminary injunctive relief, the court must give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system.  *Id.*

A court's discretion to issue preliminary injunctive relief is even further limited when a plaintiff seeks mandatory injunctive relief.  "[W]hen the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980) (citing *United States v. Spectro Foods Corp.*, 544 F.2d 1175, 1181 (3d Cir. 1976)).  "[A] mandatory injunction is an 'extraordinary remedy to be employed only in the most unusual case.'" *Trinity Indus. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013)

(citing *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972)). For a court to grant mandatory injunctive relief, "the moving party's 'right to relief must be indisputably clear.'" *Id.* (quoting *Communist Party of Indiana*, 409 U.S. at 1235). Furthermore, "a request for some form of mandatory proactive injunctive relief in the prison context 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Easley v. Tritt*, No. 1:17-CV-00930, 2019 WL 1497054, at *3 (M.D. Pa. Mar. 11, 2019) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff has failed to demonstrate a reasonable likelihood of success of his underlying claim. While he alleges egregious acts on the part of several named defendants, he fails to establish how he will prove such conduct. Therefore, in light of the heightened standard required in this case as it involves both a correctional context where the defendants have yet to appear and a request for mandatory injunctive relief, the court will deny Plaintiff's motion for a preliminary injunction, temporary restraining order, and emergency hearing. However, the court cautions Defendants that each act of retaliation on their part exposes them to further liability if the alleged conduct continues to occur. It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction, temporary restraining order, and emergency hearing will be denied. The court will direct service by the U.S. Marshals Service.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: February 9, 2023