## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JALIL S. REED, | : | Civil No. 1:22-CV-01832 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LT. GARCIA, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Plaintiff's motion to compel and motion for appointment of counsel. (Docs. 151, 166.) Additionally, on February 26, 2025, the court received and docketed Plaintiff's amended complaint. (Doc. 174.) Defendants moved to have the amended complaint stricken from the record on March 12, 2025. (Doc. 178.) For the below stated reason, the court will deny Plaintiff's motion to compel in part and grant in part, deny the motion for appointment of counsel, grant Defendants' motion to strike the amended complaint, and strike the amended complaint from the docket.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action in November of 2022 by filing a complaint. (Doc. 1.) The operative complaint in the matter is the second amended complaint. (Doc. 98.) Following resolution of Rule 12 motions, the remaining claims include an Eighth Amendment conditions of confinement claim against Defendants

Sherrill, Shistle, Klapat, Adaminson, Benscoter, Dileo, Letinski, Zagata, Sapata, Havard, Starck, and Simpson. (Doc. 122.) Defendants answered the second amended complaint on July 1, 2024. (Doc. 127.) The parties are currently engaging in fact discovery. (Docs. 128, 161.)

On October 24, 2025, the court received and docketed Plaintiff's motion to compel. (Doc. 151.) Defendants timely responded by filing a brief in opposition on November 12, 2024. (Doc. 158.) The court received and docketed Plaintiff's reply brief on January 31, 2025. (Doc. 171.) Additionally, on January 13, 2025, Plaintiff filed a motion for appointment of counsel. (Doc. 166.) On February 26, 2025, the court received and docketed another amended complaint by Plaintiff. (Doc. 174.) On March 12, 2025, Defendants filed a motion to strike the amended complaint. (Doc. 178.) The court will now address the pending motions.

## DISCUSSION

### A. Plaintiff's Motion to Compel Will Be Denied in Part and Granted in Part.

Plaintiff's motion to compel asks the court to require Defendants to show cause why their responses to discovery were late, to respond to his interrogatories, and to produce the requested evidence. (Doc. 151.)

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within the scope of discovery

need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case."). As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Find Paper Antitrust Litg.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

First, Defendants' responsive briefing sets forth the timeline in which they responded to Plaintiff's discovery requests.  (Doc. 158, p. 4.)[1]  The court recognizes that the delay in Plaintiff receiving the Defendants' discovery responses was likely the result of the third-party mail service used by the Department of Corrections, Smart Communications, and hurricanes that struck its department headquarters in St. Petersburg, Florida.  Furthermore, Defendants have demonstrated that they have responded to Plaintiff's discovery requests, but Plaintiff had not received some of these responses as of the date of the motion to compel.  (Docs. 158, 158-4, 158-5.)  Thus, Plaintiff's motion to compel is moot as to the responses that were, in fact, provided by Defendants.

Second, Plaintiff challenges Defendants' global objection to the request for production of documents and seeks to have the court compel Defendants to provide the requested documents.  (Doc. 153.)  Defendants respond that Plaintiff's discovery requests failed to identify which Defendant was the intended recipient of each request.  (Doc. 153, pp. 15–21.)  Instead, all requests appear to be directed to all Defendants.  (*Id.*)  Defendants included a global objection to the requests "insofar as they are directed to remaining Defendants generally, since a Plaintiff must make requests with particular specificity so counsel for Defendants may determine whether each Defendant is actually in possession or control of the

---

[1] For the ease of reference, the court uses the page numbers from the CM/ECF header.

requested discovery material."  (*Id.*, p. 6.)  Defendants then cite to *Tracey v. Fabian*, 2024 WL 665926, *13 (W.D. Pa. Feb. 16, 2024) and *Harris v. Koenig*, 271 F.R.D. 356, 371 (D.D.C. 2010).  (*Id.*)  However, both of these cases hold that a party cannot be compelled to produce documents it does not have in its possession, and not that failing to identify an individual defendant is fatal to the request for production.  Here, this pro se Plaintiff addressed his discovery requests to all defendants generally, and all defendants are being represented by a single attorney.  Therefore, the general request made to all defendants does not condemn the entire request for discovery.  The global objection will be overruled.

Third, Plaintiff proceeds request-by-request and attempts to demonstrate the relevance of the information he requested.  The court will do likewise, and address each request individually.

### 1.  Any and All Documents Showing Who Was on Duty on K-Block From November 1, 2022 through November 15, 2022.

Plaintiff argues that he requires documentation of who was on duty on K-Block from November 1, 2022 through November 15, 2022 to show that the Defendants were indeed working K-Block during the alleged violations his rights.  (Doc. 153, p. 4.)  Defendants objected to this request as being overly broad and unduly burdensome, and further objected as the documents contained information pertaining to the correctional institution and locations of personnel, which could result in security problems.  (Doc. 153-1, p. 6.)

This court has previously held that security concerns can support an objection:

> "[I]n a prison setting, inmate requests for certain information can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental need[ ][for] confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant . . ."

*Rhines v. U.S.*, 2014 WL 3829002, at *3 (M.D. Pa. Aug. 4, 2014) (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). Courts consider a variety of factors in determining whether governmental privilege is appropriate, including whether the information sought is factual or evaluative, whether plaintiff's suit is brought in good faith, whether the information is available through other sources, and the importance of the information sought to the plaintiff's case. *Id.* The most important factor is the importance of the information to the plaintiff's case. *Carchietta v. Russo*, 2014 WL 1789459, at *6 (D.N.J. May 6, 2014) (citing *Crawford v. Dominic*, 469 F.Supp. 260, 264 (E.D. Pa. 1979)).

Here, Plaintiff seeks evidence to confirm that Defendants were working on K-Block during the period at issue in his complaint. However, this information is available through other sources. Plaintiff is free to gather such information through written interrogatories addressed specifically to each Defendant. Therefore, his motion to compel this evidence will be denied.

## 2. All Camera Footage from K-Block During Meal Time From Any and All Angles From November 1, 2022 through November 15, 2022

Plaintiff requested a "[c]opy of all footage from K block during meal time from any and all angles until the end of meal time from November 1ˢᵗ thru 15ᵗʰ of year 2022." (Doc. 153-1, p. 7.) Defendants objected to the request stating it was overly broad and unduly burdensome. (*Id.*) Without waiving their objections, they stated that "after reasonable investigation, it is unknown whether the Commonwealth Defendants are in possession of any such footage." (*Id.*) Then they agreed that if Defendants were found to be in possession of the footage, it would be disclosed as required under the Federal Rules of Civil Procedure subject to any reasonable objections. (*Id.*)

In his motion to compel, Plaintiff states that the requested footage is relevant because witnesses have provided statements to the court that Defendants took food off his tray before they reached his cell and others have stated that, at times, food was taken off his tray when the food arrived on K-block. (Doc. 153, pp. 4–5.)

Here, the court has rejected the global objection presented by Defendants. Therefore, if the Commonwealth Defendants are in possession of any footage responsive to this request, they will, as they stated, disclose the footage as required under the Federal Rules of Civil Procedure. Should Defendants determine that a

reasonable objection applies, they will notify Plaintiff of the existence of the footage and provide the reasonable objection in writing.

### 3.  Plaintiff's Complete Record

Plaintiff requested the production of his complete record including any and all medical records from the time of his incarceration through and including the dates of the response to the request.  (Doc. 153-1, p. 7.)  Defendants objected to the request as overly broad, unduly burdensome, and containing confidential or privileged information.  (*Id*.)  Additionally, Defendants provided a DOC policy stating how Plaintiff may gather his medical evidence.  (*Id*.)

Plaintiff argues that the requested documents are relevant to show that he suffered irreparable mental anguish due to Defendants' actions and the physical injury of malnutrition.  (Doc. 153, pp. 5–6.)

Based on Plaintiff's statement that the evidence is relevant to establish a medical or psychological result of Defendants' actions or inactions, the court finds that Plaintiff is specifically requesting his medical and mental health records. Plaintiff has the right to request his own medical records directly through the DOC. *See* DC-ADM 003.  Therefore, the court will deny the motion to compel production of Plaintiff's medical records from Defendants.  Should Plaintiff be denied access to his mental health records by the DOC, he may file a new motion to compel.

### 4.  Rules, Regulations, and Policies of the DOC

Plaintiff requested the production of all rules, regulations, and policies of the DOC concerning the treatment of prisoners during meals and how much food a prisoner is supposed to be served.  (Doc. 153-1, p. 7.)  Defendants objected to the request as being vague, overly broad, and unduly burdensome.  (*Id*.)  Additionally, they stated that Plaintiff could schedule library time to view these policies or they could be requested from his unit manager.  (*Id*.)  Additionally, these policies could be copied and provided to him at his own expense.  (*Id*.)  Plaintiff did not challenge Defendants' response in his motion to compel.  (Doc. 156, p. 6.)  Because these documents are available to Plaintiff as indicated by Defendants, the court will deny the motion to compel production of these documents.

### 5.  Complete Record of Complaints Filed Against You

Plaintiff requested "[t]he complete record of complaints filed against you with findings and no findings."  (Doc. 153-1, p. 7.)  Defendants objected to the production arguing it was sweeping, generalized, and overly broad.  (*Id*.)  Plaintiff argues that his request is relevant because he seeks to present evidence of Defendants conducting the same or similar conduct as he alleges in his complaint. (Doc. 153, p. 3.)

This court has repeatedly rejected requests for production of all grievances or complaints filed by inmates or staff pertaining to named defendants.  *See Torres*

*v. Harris*, No. 4:17-CV-1977, 2019 WL 265804, *4 (M.D. Pa. Jan 18, 2019) (summary of district cases). Therefore, this court will follow its past practice and deny Plaintiff's motion to compel.

### 6. Emails and Texts From November 1, 2022 Through November 15, 2022

Plaintiff requests the production of all emails and texts with Defendants during the relevant period with date stamps to see if anything was deleted. (Doc. 153-1, p. 8.) Defendants object to the request as being overly broad and unduly burdensome and as requesting confidential/privileged information. (*Id.*)

Plaintiff's motion to compel argues that the production of emails and texts "between defendants" will demonstrate that Defendants were conspiring about the food denial, cell move, and more retaliatory actions they planned to take against him. (Doc. 153, p. 7.) However, the surviving claims against Defendants are Eighth Amendment cruel and unusual punishment claims based on the withholding of food and the conditions of the cell. (Docs. 121, 122.) Neither retaliation nor conspiracy claims have survived Defendants' Rule 12(b) challenges. Therefore, Plaintiff's argument regarding relevance is not compelling. Therefore, the factual question is not whether or not the parties conspired or the motivation(s) for the conduct, but whether or not the conduct itself violated the constitution. As such, Plaintiff's motion will be denied.

### 7. Defendants' Criminal Records

Plaintiff requested Defendants' criminal records. (Doc. 153-1, p. 8.) Defendants objected to the request as being beyond the scope of the Plaintiff's claims, not proportional to the needs of the case, and unlikely to be admissible. (*Id.*)

In the motion to compel, Plaintiff argues that Defendants' criminal records are relevant to challenge their credibility and proposes that such documents could be provided for an in-camera inspection by the court. (Doc. 153, p. 7.)

The pertinent issue in this case is whether Defendants violated Plaintiff's Eighth Amendment rights by taking food off his tray and putting him in an allegedly unsanitary cell. Defendants' criminal records will not shed any light on whether Defendants engaged in the actions alleged. But the Federal Rules of Evidence acknowledge that criminal history may be pertinent to impeachment when the criminal history includes crimes of dishonesty. *See* Fed. R. Evid. 609(b). Because any potential trial will likely include a determination of Defendants' credibility, the court will grant Plaintiff's motion to compel and order Defendants to provide Plaintiff with their criminal records in accord with Fed. R. Evid. 609.

### 8. Psychological Records

Plaintiff requested production of "[t]he criminal records, extent of Drug use, past and present and extent of psychiatric records of all defendants and witnesses."

(Doc. 153-1, p. 8.)  Defendants objected stating that the request was beyond the scope of Plaintiff's claims, not proportional to the needs of the cease, and unlikely to be admissible as evidence.  (*Id*.)  Defendants also objected because the records are confidential/protected information.  (*Id*.)

In his motion to compel, Plaintiff alleges that the records are necessary for both Defendants and witnesses for impeachment purposes.  (Doc. 153, p. 8.)  The pertinent issue in this case is whether Defendants violated Plaintiff's Eighth Amendment rights by taking food off his tray and putting him in an allegedly unsanitary cell.  Defendants' psychological records have no bearing on those issues.  Furthermore, Plaintiff is free to ask Defendants questions regarding psychological history and drug use in interrogatories.  Plaintiff's motion to compel these records will be denied.

### 9.  All Witness Statements

Plaintiff requests the production of all witness statements.  (Doc. 153-1, p. 8.)  Defendants objected arguing that the requested evidence is confidential/privileged.  (*Id*.)  Defendants state that disclosure could affect the security of the DOC facility.  (Doc. 158, pp. 5–6.)  In the motion to compel, "Plaintiff requests that names be unredacted due to the confrontation provisions and impeachment purposes."  (Doc. 153, p. 8.)

Defendants have failed to provide an explanation as to why identifying the witnesses poses a risk to DOC security. Therefore, the court will grant Plaintiff's motion to compel and order Defendants to provide Plaintiff with unredacted witness statements.

### 10. Contact Information for All Witnesses

Plaintiff requests that the names, addresses, and contact information for all eye witnesses be produced. (Doc. 153-1, p. 8.) Defendants object, arguing that the information is confidential/privileged and could jeopardize the security and safety of DOC personnel. (*Id*.) Defendants also argue that such information is beyond the scope of Plaintiff's claims and not proportional to the needs of the case. (*Id*.) Plaintiff agues relevance for impeachment purposes. (Doc. 153, p. 9.)

In the motion to compel, Plaintiff states the same rationale for production as request No. 9: "Plaintiff requests that names be unredacted due to the conformation provisions and impeachment purposes." (Doc. 153, pp. 8–9.) Again, Defendants failed to state how providing contact information for witnesses is a risk to DOC security. (Doc. 158, p. 6.) Therefore, the court will grant Plaintiff's motion to compel and order Defendants to provide Plaintiff with some means to contact the witnesses identified in request number 9.

## 11. Contact Information of All Defendants

Plaintiff requests the production of all the names, addresses, and contact information of all defendants. (Doc. 153-1, p. 9.) Defendants object, arguing that the information is confidential/privileged and could jeopardize the security and safety of DOC personnel. (*Id*.) Defendants also argue that such information is beyond the scope of Plaintiff's claims and not proportional to the needs of the case. (*Id*.) Plaintiff agues relevance for impeachment purposes. (Doc. 153, p. 9.)

In the motion to compel, Plaintiff states the same rationale for production as request No. 9 and No. 10: "Plaintiff requests that names be unredacted due to the conformation provisions and impeachment purposes." (Doc. 153, pp. 8–9.)

Plaintiff knows the identities of the Defendants and the address of their counsel. This is sufficient for the purposes of litigation. The motion to compel this information will be denied.

## 12. Misconduct Records

Plaintiff requests the production of the "[c]omplete misconduct records of all defendants and witnesses." (Doc. 153-1, p. 9.) Defendants object, arguing that the information sought is confidential/privileged. (*Id*.) Defendants also argue that a DOC inmate is prohibited from receiving specific grievance information pertaining to inmates other than himself. (*Id*.) Plaintiff argues that Defendants' criminal

records are relevant to challenge their credibility and proposes that such documents could be provided for an in-camera inspection by the court. (Doc. 153, p. 9.)

In the motion to compel, Plaintiff states the same rationale for production as request No. 7: that Defendants' criminal records are relevant to challenge their credibility and proposes that such documents could be provided for an in-camera inspection by the court. (Doc. 153, p. 7, 9.)

The court acknowledges that all inmate grievances/misconduct reports cannot be disclosed to Plaintiff. *See supra*. However, the court will grant the motion as to any professional misconduct reports against Defendants for dishonest conduct as such records would pertain to Defendants' credibility. If any such records exist, Defendants' counsel shall submit such records to the court for in-camera review prior to disclosing such records to Plaintiff.

### 13. Any and All Evidence

Plaintiff requests the production of "[a]ny and all evidence which the defendants has in its possession, custody, control or which can be discovered by the defendants if it exercises due diligence." (Doc. 153-1, p. 9.) Defendants object, stating that the request was vague, overly broad, and unduly burdensome. (*Id.*)

In the motion to compel, Plaintiff presents no grounds of relevance for the requested production. Instead, he requests sanctions for the delay in returning the

interrogatories.  (Doc. 153, p. 9.)  The burden is on Plaintiff, as the moving party, to establish relevance.  He has not done so.  Therefore, the motion to compel this catch-all category of evidence will be denied.

### 14. Unfavorable Evidence

Plaintiff requests the production of "[a]ny facts or other evidence which defendants or any agency to which the defendants has access which would arguably reflect unfavorably on any defendants."  (Doc. 153-1, p. 9.)  Defendants object, identifying the request as vague, overly broad, and unduly burdensome.  (*Id*.)  Additionally, Defendants argue that such disclosures would be the result of legal analysis, conclusions, or theories, and amount to work product.  (*Id*.)  In the motion to compel, Plaintiff states that the relevance is "self explanatory."  (Doc. 153, p. 10.)  The burden is on Plaintiff, as the moving party, to establish relevance. He has not done so.  Therefore, the motion to compel will be denied.

### 15. Favorable Information

Plaintiff requests the production of "[a]ny information favorable to the Plaintiff as defined in Kyles v. Whitley, 51.405:i3 [unintelligible] including but not limited to the notes of the Attorney for the Defendants from his/her interview." (Doc. 153-1, p. 9.)  Defendants object to the request as being overly broad and unduly burdensome and that such a production would include work product.  (*Id*., p. 10.)

16

In the motion compel, Plaintiff's statement of relevance is "Same response as No. 14." (Doc. 153, p. 10.) As set forth above, Plaintiff's relevance statement in No. 14 did not satisfy his burden. Therefore, the motion to compel will be denied.

### 16. Credibility

Plaintiff requests the production of "[a]ny evidence which would tend to undermine the credibility of defendants witnesses, including but not limited to any law enforcement or disciplinary investigative records on the defendants as well." (Doc. 153-1, p. 10.) Defendants objected to the production stating the decisions regarding evidence had not yet been made, and the request again seeks work product. (*Id.*)

In the motion compel, Plaintiff's statement of relevance is "Same response as No. 13 and No. 14. (Doc. 153, p. 10.) As set forth above, Plaintiff's relevance statement in No. 13 and No. 14 did not establish relevance. Therefore, the motion to compel will be denied.

### 17. Grievances and PREAs

Plaintiff requests the production of "[a]ll grievances and PREAs against all defendants and witnesses." (Doc. 153-1, p. 10.) Defendants objected to the request as it contained confidential/privileged information and by stating DOC

inmates are prohibited from receiving specific grievance information pertaining to inmates other than themselves.  (*Id.*)

In the motion compel, Plaintiff's statement of relevance is "[s]ame response as No. 5.  (Doc. 153, p. 10.)  As set forth above, this court has repeatedly rejected requests for production of all grievance or complaints filed by inmates or staff pertaining to named defendants.  *See Torres*, 2019 WL 265804, at *4 (summary of district cases).  Therefore, this court will follow its past practice and deny Plaintiff's motion to compel.

### 18. Shift and Days of Defendants Work

Plaintiff requests the production of "[s]ift and days defendant's worked from November 1ˢᵗ 2022 thru the 1ˢᵗ of January 2023 and who signed inmates up for yard, shower and meals."  (Doc. 153-1, p. 10.)  Defendants object to the request citing their response to Plaintiff's request No. 1.  (*Id.*)

In the motion to compel, Plaintiff stated "Same response as No. 1."  (Doc. 153, p. 11.)  Similar to the court's determination to the request for production No. 1, the court will deny the motion to compel because Plaintiff has the means to gather this information through interrogatories directed to Defendants.

### 19. Identify Defendants Passing Out Meals

Plaintiff requests the production of "[w]hat defendant was passing out meals or in the preparation of meals during November 1ˢᵗ 2022 thru 1ˢᵗ of 2022."  (Doc.

153-1, p. 10.)  Defendants object to the request, citing their response to Plaintiff's request No. 1.  (*Id*.)  Defendants further object because Plaintiff did not provide an adequate timeframe.  (*Id*.)

In the motion to compel, Plaintiff stated "Same response as No. 1."  (Doc. 153, p. 11.)  Similar to the court's determination to the request for production No. 1, the court will deny the motion to compel because Plaintiff has other means to gather this information, such as written interrogatories.

### 20. Policy

Plaintiff requests production of the "[p]olicy of inmate requesting higher rank and how often are CO's, SGT. Lt. etc. are supposed to make their rounds/walks around the unit."  (Doc. 153-1, p. 11.)  Defendants object to the production as being overly broad, unduly burdensome, and seeking confidential/privileged information which could jeopardize the security and safety of the DOC personnel.  (*Id*.)  Defendants further state that DOC policies were available online, in the DOC facility library, or at the request of Plaintiff's Unit Manager.  (*Id*.)

In the motion to compel, Plaintiff states that he "utilized due diligence and is being stonewalled as the DOC is not providing the Plaintiff a response."  (Doc. 153, p. 11.)  As stated above, Plaintiff has the burden to establish relevance.  His

statement in the motion to compel does not demonstrate relevance. Therefore, the motion to compel will be denied.

**B. Plaintiff's Motion for Appointment of Counsel Will Be Denied.**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)    the plaintiff's ability to present his or her own case;
(2)    the complexity of the legal issues;
(3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)    the plaintiff's ability to retain counsel on his or her own behalf;
(5)    the extent to which a case is likely to turn on credibility determinations, and;
(6)    whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases."  (*Id.*)

Plaintiff argues that appointment of counsel is justified by the factual complexity of the case, his inability to investigate, conflicting testimony, the legal complexity of the case, and the merits of the case.  (Doc. 167.)  Thus far in litigation, Plaintiff has been capable of proceeding pro se.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

### C. Plaintiff's Amended Complaint Will Be Stricken From the Record

On February 26, 2025, the court received and docketed an amended complaint from Plaintiff.  (Doc. 174.)  On March 12, 2025, Defendants filed a motion to strike the amended complaint from the record.  (Doc. 178.)  The deadline to amend the pleadings passed On October 31, 2024.  (Doc. 128.)  In addition, in prior court orders, Plaintiff was instructed to comply with Local Rules 15.1 and 7.5, which require a motion to amend be accompanied by a proposed amended pleading, and any motion to amend the pleadings also be supported by a brief in support.  (Doc. 159.)  Here, Plaintiff did not file a motion to amend the pleadings

or a brief in support. Instead, he only filed an amended complaint. Therefore, Plaintiff did not properly follow the Local Rules. Defendants' motion to strike will be granted and the amended complaint will be stricken from the record. The operative complaint in this matter continues to be the second amended complaint. (Doc. 98.)

## CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's motion to compel in part and grant in part, deny Plaintiff's motion to appoint counsel, grant Defendants' motion to strike, and strike Plaintiff's amended complaint from the docket. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 13, 2025