## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JALIL S. REED, | : | Civil No. 1:22-CV-01832 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LT. GARCIA, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are three motions concerning fact discovery in this action. First is Plaintiff's motion for reconsideration of the court's order resolving Plaintiff's motion to compel, which the court construed as a renewed motion to compel production of his mental health records. (Docs. 187, 194.) Second is Defendant's motion for a protective order in light of the court's order resolving Plaintiff's motion to compel. (Doc. 192.) Third is Plaintiff's motion for an extension of time to complete fact discovery. (Doc. 198.) For the following reasons, the court will grant the renewed motion to compel, grant the motion for a protective order, and deny the motion for an extension of time as moot. Additionally, the court will address the outstanding filing fees that have gone unpaid since the inception of this action.

## PROCEDURAL BACKGROUND AND HISTORY

Plaintiff initiated this action in November of 2022 by filing a complaint. (Doc. 1.) The operative complaint in the matter is the second amended complaint. (Doc. 98.) Following resolution of Rule 12 motions, the remaining claims include an Eighth Amendment conditions of confinement claim against Defendants Sherrill, Shistle, Klapat, Adaminson, Benscoter, Dileo, Letinski, Zagata, Sapata, Havard, Starck, and Simpson. (Doc. 122.) Defendants answered the second amended complaint on July 1, 2024. (Doc. 127.) The parties are currently conducting fact discovery. (Docs. 128, 161.)

On October 24, 2024, the court received and docketed Plaintiff's motion to compel. (Doc. 151.) Defendants timely responded by filing a brief in opposition on November 12, 2024. (Doc. 158.) The court received and docketed Plaintiff's reply brief on January 31, 2025. (Doc. 171.) On March 13, 2025, the court addressed the pending motion to compel and granted it in part. (Docs. 183, 184.) Plaintiff responded by filing a motion for reconsideration, which the court construed as a renewed motion to compel his mental health records. (Docs. 187, 194.) Defendants responded by filing a motion for protective order asking that use of the evidence sent to Plaintiff be limited to litigation. (Doc. 192.) Additionally, Plaintiff has filed a motion for an extension of time to complete discovery. (Doc. 198.)

**DISCUSSION**

**A. Plaintiff's Renewed Motion to Compel Production of His Mental Health Records Will Be Granted.**

In the court's March 13, 2025 order, the court denied Plaintiff's request to compel Defendants to produce his mental health records, but granted him leave to renew his request should the Department of Corrections deny him access to his mental health records. (Doc. 183, p. 8; Doc. 184.) While Plaintiff titled his responsive document as a motion for reconsideration, it is actually a renewed motion to compel Defendants to produce his mental health records. (Doc. 187.) Therefore, the court instructed Defendants to respond. (Doc. 194.) Defendants filed a response stating that they do not oppose Plaintiff's motion and will provide Plaintiff with his mental health records "within the limits of the scope of discovery Federal Rule of Civil Procedure 26(b)(1) (allowing discovery for any 'nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.')" (Doc. 197.) Additionally, Defendants requested that any disclosure of mental health records be subject to the court's protective order should it be granted. (*Id.*)

Therefore, the court will grant the motion to compel Plaintiff's mental health records without opposition. The court will allow Defendants to make the redactions they deem necessary. In the event that the redactions hinder Plaintiff's prosecution of this action, he may file a renewed motion to compel specifying the

3

records he seeks to be unredacted and clearly explaining why such evidence is relevant to this action.

### B. Defendants' Motion for Protective Order Will Be Granted.

Following the court's March 13, 2025 order addressing Plaintiff's motion to compel, Defendants filed a motion for a protective order.  (Doc. 192.)  Plaintiff objected to the motion for a protective order based on Defendants' alleged failure to confer with him in accord with Fed. R. Civ. P. 26(c)(1).  (Doc. 199.)

Under Federal Rule of Civil Procedure 26(c)(1), a court may, for good cause, issue a protective order "to shield a party from annoyance, embarrassment, oppression, or undue burden or expense" during discovery.  "A protective order is intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings."  *In re Avandia Mktg. Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019).  A party seeking entry of a protective order must demonstrate that "good cause" exists for the Order.  *Id.*  "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the potential injury "must be shown with specificity."  *Id.*  In *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–88 (3d Cir. 1994), the Third Circuit set forth a list of "neither mandatory nor exhaustive" factors that courts should consider when determining whether good cause exists, such as whether: (1) the

disclosure will violate any private interests; (2) disclosure of the information will cause a party embarrassment; (3) the information is being sought for a legitimate purpose or for an improper purpose; (4) the sharing of information among the litigants will promote fairness and efficiency; (5) confidentiality is being sought over information important to public health and safety; (6) a party benefitting from the order of confidentiality is a public entity or official; and (7) the case involves issues important to the public.  In balancing the relevant *Pansy* factors, the court finds that Defendants have established good cause for the issuance of a protective order.

The court has granted Plaintiff's motion to compel evidence including a copy of Defendants' criminal records, unredacted witness statements, contact information of witnesses, and misconduct reports against Defendants.  (Doc. 184.)  Additionally, Defendants have requested that any disclosures of Plaintiff's mental health be subject to the protective order as well.  (Doc. 193.)  Considering the extreme sensitivity of this information combined with the potential security concerns such information could cause in a prison environment, the court finds that Defendants have demonstrated good cause.

Turning to Plaintiff's objection that he was not conferred with in accord with Fed. R. Civ. 26(c)(1), the court notes Local Rule 7.1, which states in pertinent part that "[n]o concurrence need be sough in *pro se* prisoner cases."  Local Rule 7.1

also states that any nonconcurrence certificate does not replace Local Rule 26.3, which requires *counsel* for movant in all discovery motions to file a statement certifying that *counsel* has conferred with *counsel* for the opposing party. (emphasis added).  Here, Plaintiff is incarcerated and acting *pro se*.  While the court promotes the congenial cooperation of all parties in civil actions, the Local Rules absolves Defendants from the requirement to certify any conference or concurrence in this situation.  As such, Plaintiff's objection is overruled.  The court will grant the motion for a protective order.

### C. Plaintiff's Motion for an Extension of Time to Complete Fact Discovery Will Be Denied as Moot.

Plaintiff recently filed a motion for an extension of fact discovery, stating that fact discovery closes on March 31, 2025.  (Doc. 198.)  On March 26, 2025, the court extended the fact discovery deadline to May 30, 2025.  (Doc. 190.)  Therefore, Plaintiff's motion will be denied as moot.

### D. Plaintiff Will Make the Initial Payment on His Filing Fees or the Case Will Be Dismissed.

Upon initiating this action, Plaintiff requested to proceed *in forma pauperis*. (Doc. 2.)  The court granted this request on November 29, 2022.  (Doc. 9.)  As part of this order, the court required Plaintiff to pay the full filing fee of $350.00 regardless of the outcome of litigation.  (*Id.*)  This fee was directed to be paid by an initial payment followed by partial payments each month until the filing fee was

paid in full. (*Id*.) The amount of these payments was to be calculated in accord with 28 U.S.C. § 1915(b)(1) and (2). (*Id*.) To date, the court has received no payment at all. Therefore, the court ordered Plaintiff's facility to provide his prisoner trust account information for the last two years. (Doc. 191.) The court has received the requested statement and will now assess the initial payment. (Doc. 196.) The average balance in Plaintiff's prisoner trust account from October of 2024 through March of 2025 is $66.08. The average monthly deposit from October of 2024 through March of 2025 is $122.81. Therefore, in accord with 28 U.S.C. § 1915(b), the court will take 20% of the greater number. Plaintiff is required to make the initial payment towards his filing fee in the sum of $24.56. Plaintiff will direct the facility at which he is housed to forward this amount to the court by May 19, 2025. If an initial payment is not made, the case will be dismissed for failing to abide by this court order.

Thereafter, the facility at which Plaintiff is housed shall calculate his partial payments in accord with the court's November 29, 2022 order and forward it to the court. A copy of the November 29, 2022 order and this order will be provided to the facility.

## CONCLUSION

For the reasons stated above, the court will grant Plaintiff's renewed motion to compel his mental health record, grant Defendants' motion for a protective order, and deny Plaintiff's motion for an extension of time to complete fact discovery.  Additionally, the court will order Plaintiff to make an initial payment towards the outstanding filing fee and instruct the facility at which he is housed to make monthly payments.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 21, 2025