IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JALIL S. REED, | : Civil No. 1:22-CV-01832 |
| Plaintiff, | : |
| v. | : |
| LT. GARCIA, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiff's motion for reconsideration of the court's order dismissing the case. (Doc. 227.) For the following reasons, the court will deny Plaintiff's motion and the case will remain closed.

### PROCEDURAL BACKGROUND AND HISTORY

Plaintiff initiated this action in November of 2022 by filing a complaint. (Doc. 1.) With the complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2.) On November 29, 2022, the court granted his motion to proceed *in forma pauperis* and required Plaintiff to pay the full filing fee of $350.00 in installments. (Doc. 9.) Plaintiff then proceeded to litigate the case and made no payments towards his filing fee.

On March 6, 2025, this court ordered the Warden at SCI-Fayette to provide the court with a copy of Plaintiff's prisoner trust account statement for the last two years. (Doc. 176.) However, this was returned to the court as Plaintiff had been

1

moved to SCI-Phoenix. (Docs. 185, 186.) On March 25, 2025, the court sent an order requiring SCI-Phoenix to produce Plaintiff's prisoner trust account statement for the last two years. (Doc. 191.) A copy of the prisoner trust account statement was received by the court on April 7, 2025. (Doc. 196.) Following a review of this statement, the court determined that Plaintiff had the means to make payments towards his outstanding filling fee for at least the last two years and had failed to do so.

On April 21, 2025, the court entered a memorandum and order addressing several outstanding matters in the action and requiring Plaintiff to make an initial payment towards his filing fee in the amount of $24.56 in accord with 28 U.S.C. § 1915. (Docs. 200, 201.) The court granted Plaintiff until May 19, 2025 to make the outstanding payment or have his case dismissed. (Doc. 201.) No payment was received, and the court dismissed the case on May 28, 2025. (Doc. 214.)

On June 6, 2025, the court received and docketed Plaintiff's request for additional time to make the initial payment towards the outstanding filing fee dated May 27, 2025. (Doc. 216.) Plaintiff's request alleged that he had just received the court's April 21, 2025 order and would forward the payment on June 1, 2025. (*Id*.) He cited the reason for the delay in payment was because his cable bill needed to be paid: "I can send you your money I have around $26.18 in my account right now but I got to pay for cable on 5/29/2025 which is now $22.20." (*Id*.) On June

2

12, 2025, the court received a $25.00 initial payment in this action towards the outstanding filing fee in this action. The court denied Plaintiff's motion for additional time and refunded the attempted late payment. (Doc. 218.) The court took issue with the fact that Plaintiff admitted to delaying payment by prioritizing his cable tv bill over the continuation of his federal action when he had failed to make a payment for two years. (*Id.*)

## DISCUSSION

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These limited set of circumstances are as follows:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

3

Fed. R. Civ. P. 60(b).  A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided.  *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

Here, Plaintiff did not present any alleged facts that support a particular circumstance that would justify the reopening of this case pursuant to Fed. R. Civ. P. 60(b).  (Doc. 228.)  Instead, Plaintiff simply realleges that he did not receive the court's order requiring payment in time.  (*Id.*)  However, this was already addressed by the court in its June 13, 2025 order denying Plaintiff's motion for an extension of time.  (Doc. 218.)  Because Plaintiff is using this motion for reconsideration to reargue issues the court has already considered and decided, the court will deny the motion for reconsideration.

## CONCLUSION

For the above stated reasons, the court will deny Plaintiff's motion for reconsideration.  This case is to remain closed.

An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: November 17, 2025